FILED

2011 MAY -6  P 3: 25

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CALIFORNIA

1  **THE LAW OFFICES OF**
2  **HOWARD W. RUBINSTEIN**
   Richard A. Proaps, State Bar No. 78898
3  *rproaps@aol.com*
   8150 Greenback Lane, Bldg. 200
4  Fair Oaks, California 95628
   Telephone:  (916) 722-1665
5  Facsimile:  (916) 722-4881

6
7  **MILSTEIN ADELMAN, LLP**
   Gillian L. Wade, State Bar No. 229126
8  gwade@milsteinadelman.com
   Sara D. Avila, State Bar No. 263213
9  savila@milsteinadelman.com
   2800 Donald Douglas Loop North
10 Santa Monica, California 90405
   Telephone: (310) 396-9600
11 Facsimile: (310) 396-9635

12
13 *Attorneys for Plaintiffs JASMINI RIVERON AND*
   *KRISTA RIVERON*

14
15         **UNITED STATES DISTRICT COURT**
         **NORTHERN DISTRICT OF CALIFORNIA**
16
   JASMANI RIVERON and KRISTA RIVERON,    Case No.  **CV 11-02245**
17 individually and on behalf of all others similarly
   situated,                                          **HRL**
18
                  Plaintiffs,              **CLASS ACTION COMPLAINT**
19
            vs.                            1.  VIOLATION OF CIV. C. § 1798.80 *et*
20                                             *seq.*
   SONY COMPUTER ENTERTAINMENT        2.  NEGLIGENT
21 AMERICA, LLC, a Delaware Limited Liability       MISREPRESENTATION
   Company; SONY NETWORK              3.  INTENTIONAL
22 ENTERTAINMENT INTERNATIONAL, LLC, a     MISREPRESENTATION
   Delaware Limited Liability Company; and DOES  4.  VIOLATION OF BUSINESS AND
23 1 through 10, inclusive,                  PROFESSIONS CODE § 17200, *et seq.*
                                        5.  VIOLATION OF BUSINESS AND
24                 Defendants.             PROFESSIONS CODE § 17500, *et seq.*
                                        6.  Breach of Beverly-Song Act
25                                       7.  Breach of Express Contract
                                        8.  Breach of Implied Contract
26                                       9.  Breach of Fiduciary Duty
                                        10. Constructive Fraud
27
28                                      **DEMAND FOR JURY TRIAL**

1

BY FAX

Plaintiffs, JASMANI RIVERON and KRISTA RIVERON ("Plaintiffs"), individually and on behalf of all others similarly situated United States residents, bring this complaint against Defendants, SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Delaware Limited Liability Company; SONY NETWORK ENTERTAINMENT INTERNATIONAL, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive, (collectively "Defendants" or "Sony"), and alleges as follows:

## JURISDICTION

1.      This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the jurisdiction of the Federal Courts over any class action in which any member of the Plaintiffs class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs seek to represent a national class, and more than 2/3 of the members of the putative class are citizens of different states than Sony. Plaintiffs allege that the total claims of the individual members of the Plaintiffs Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

2.   .    Defendants can be considered citizens of California and Delaware. More than 2/3 of the putative Class are citizens of states other than California or Delaware. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A).

## VENUE

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendants conduct and transact substantial business in this District, and at least one Defendant has its headquarters located in this District.

## NATURE OF THE ACTION

4.      This action arises out of Sony's failure to adequately secure and keep confidential the personal identifiable information of 77 million Playstation console and PlayStation® Network/ Qriocity ("PSN") users (the "Class"). In particular, in a rush to get its innovative new products on the market, security of PSN users' took a back seat and was given low priority.

5.      As a result of Defendants' failure to adequately create and maintain an adequate security system for the PSN, the personal identifiable information of PSN customers has been

stolen and subject to a breach during the time frame between April 17 and April 19, 2011. The stolen information includes, among other things, name, address, country, email address, date of birth, and PSN password, login and handle/PSN online ID. In addition, Plaintiffs are informed and believe and based thereon allege that the Class' purchase histories, billing addresses, PSN password security answers and credit card data of Class members were compromised and subject to theft.

6.     Accordingly, Plaintiffs bring suit for Sony's failure to implement and maintain policies and procedures to adequately protect Plaintiffs and the Class' personal information from unauthorized access, destruction, use, modification and/or disclosure. Defendants also failed to implement and maintain policies and procedures to detect and prevent such unauthorized acts. If Defendants had such policies and procedures in place, it would have prevented this security breach in the first place.

7.     Plaintiffs also brings suit for the damages arising out of Sony's inexplicable week-long delay in providing notice to Plaintiffs and the Class of the security breach. Such untimely and unreasonable delay prevented Plaintiffs and the Class from taking immediate steps to monitor and attempt to safeguard their personal information.

8.     Defendants' conduct has directly and proximately caused economic and non-economic damages, invasion of privacy, and deprivation of the exclusive use and control of individuals' own personal, financial and/or otherwise non-public information. Further, Defendants' conduct has made it impossible for Plaintiffs and the Class to fully and adequately protect themselves from fraud.

9.     As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class have suffered and/or will suffer irreparable and irreversible damage.. As such, Plaintiffs, on behalf of the Class, seek injunctive relief, compensatory and punitive damages, statutory penalties and restitution for statutory and common law violations of California law.

## PARTIES

10.     Plaintiffs, a married couple, JASMANI RIVERON and KRISTA RIVERON ("Plaintiffs"), are adult individuals and residents of Palm Beach County, Florida. Plaintiffs are users of the PSN, and provided money and personal identifiable information to Sony in exchange for access to and use of the PSN. Plaintiffs received a letter from Defendants notifying them that their personal information was subject to the April 2011 data breach, which is the subject of this

3

action. Plaintiffs have therefore suffered injury in fact and incurred damages because they have lost money and property (i.e. their property interest in personal identifiable information and privacy) as a result of the breach. Plaintiffs will also be required to incur additional expenses for credit reports, identity theft insurance, bank fees to change account numbers, and other matters in order to protect their identity and mitigate their losses.

11.     Plaintiffs own two Sony Playstation 3's (PS3) and use the PSN, most recently making purchases therewith on June 14, 2009, August 24, 2009, June 8, 2010, July 6, 2010, and March 3, 2011, as evidenced by the receipts attached hereto and incorporated herein as **EXHIBIT 1**.

12.     Defendant Sony Computer Entertainment America, LLC (formerly Sony Computer Entertainment America, Inc.) ("SCEA") a limited liability company corporation organized and existing under the laws of the State of Delaware. Defendant SCEA's principle place of business, in terms of where its main place of operations and where its primary executives and nerve center is located, in this District, located at 919 East Hillsdale Boulevard, Building 200, Foster City, California 94404-4249.  SCEA serves as headquarters for all North American operations and is a wholly owned subsidiary of Sony Corporation of America Inc. (see *http://us.playstation.com/corporate/about*). SCEA conducts substantial transactions and business throughout this State, this District, and throughout the entire United States by advertising and through the extensive use of distribution channels that deliver and selling the goods and services to consumers.  At all times relevant herein, these distributors and retailers acted as Defendant's agents, servants, and employees, and at all times relevant herein, were acting within the purpose and scope of that agency, service, and employment.

13.     Sony Network Entertainment International, LLC ("SNEI") is one of Sony Corporation of America's principal U.S. businesses.  SNEI is a limited liability company organized in Delaware and is headquartered in Los Angeles, California. SNEI conducts substantial transactions and business throughout this State, this District, and throughout the United States by advertising and through the extensive use of distribution channels that deliver and sell the goods and services to consumers.  At all times relevant herein, these distributors and retailers acted as Defendant's agents, servants, and employees, and at all times relevant herein, were acting within the purpose and scope of that agency, service, and employment.

4

14.   Plaintiffs also name Does 1–10 as Defendants in this action, whose names and roles in this controversy have not presently been ascertained.  At all times relevant herein, these Doe Defendants, along with Sony and its employees, subsidiaries, affiliates, and other related entities, were the agents, servants, and employees of each, and at all times relevant herein, each was acting within the purpose and scope of that agency, service, and employment.

15.   Whenever reference in this Complaint is made to any act or transaction of the Defendants, such allegation shall also include the principals, officers, directors, employees, agents, and/or representatives of Defendants who committed, knew of, performed, authorized, ratified and/or directed such acts or transactions on behalf of Defendants while actively engaged in the scope of their duties.

## FACTUAL ALLEGATIONS

### A.   The Sony PlayStation, PSN and Data Breach

16.   Since at least 2007, Sony has manufactured and sold PlayStation consoles and PlayStation/Qriocity Network ("PSN") services. The Playstation console and PSN service allows users to play games online and buy content and services, such as new levels for games, movies and other entertainment.

17.   Defendants represent, through its labeling, advertising and marketing, that the console and PSN service are secure gaming system and online gaming network. In particular, Sony's Privacy Policy states, in part:

> We take reasonable measures to protect the confidentiality, security, and integrity of personal information collected from our website visitors. Personal information is stored in secure operating environments that are not available to the public and that are only accessible to authorized employees. We also have security measures in place to protect the loss, misuse, and alteration of the information under our control.

18.   On or about April 26, 2011 Plaintiffs and members of the Class were informed by Sony there was a breach of data security between April 17-19, 2011 (the "Breach"). As a result of the Breach, over 7 million PSN users' name, address, country, email address, date of birth, and PSN password, login and handle/PSN online ID have been exposed. In addition, Plaintiffs are informed and believe and, and based upon such information and belief allege, Plaintiffs and the Class' purchase histories, billing addresses, PSN password security answers and credit card data of Class members have been stolen or compromised and further, that children with accounts

established by their parents have had their personal identifiable information exposed and subject to theft.

19. Based on information and belief, Sony did not have an adequate security system in place with regard to its PlayStation consoles and/or the PSN service, and therefore failed to properly protect Plaintiffs and the Class from having their personal identifiable information exposed to third parties.

20. The Breach means that unauthorized third parties, including but not limited to the criminals who hacked into the security system, now possess the known locations of Plaintiffs and the Class' expensive gaming hardware, personal identifiable information of Plaintiffs and the Class, potential log-in information to banks and social networking websites, and personal trivia that could be used for identity verification, among other things.

**B.    Plaintiffs' And The Class' Privacy Rights Have Been Violated**

21. California law gives the protection of its citizens' privacy the highest priority. Article 1, Section 1 of the California Constitution states:

> "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursing and obtaining safety, happiness and *privacy*." (emphasis added)

22. California citizens' who are members of the Class, rights to privacy have been compromised and infringed by the acts and omissions of Defendants, and each of them, as described herein.

23. California's common law and statutory scheme also recognizes and protects California residents' right of privacy. For example, Civil Code § 1798.81.5(a) states:

> It is the intent of the Legislature to ensure that personal information about California residents is protected. To that end, the purpose of this section is to encourage businesses that own or license personal information about Californians to provide reasonable security for that information.

24. Accordingly, section 1798.81 mandates that businesses owning or licensing Californians' PII, such as Sony, must implement and maintain reasonable security procedures and practices to protect such PII from unauthorized access, destruction, use, modification or disclosure. At all times relevant herein, Defendants, and each of them, "own or license" Plaintiffs' and the Class' PII, in that Defendants used the PII in transactions with Plaintiffs and

1    the Class.  This includes, but is not limited to, transactions related to the use by Plaintiffs and the
2    Class of Sony's PSN.

3         25.    As corporations headquartered in California and this District, Defendants are
4    therefore subject to California's privacy laws, including those described above.

5         26.    However, Sony violated Class Members' privacy rights when it failed to
6    adequately safeguard Class Members' personal identifiable information, as described above.

     **C.    Plaintiffs And The Class Have Been Damaged**

7         27.    As a result of Defendants' breach of security concerning the Personal Identifiable
8    Information of Plaintiffs and the Class, Plaintiffs and the Class suffered injury in fact and severe
9    monetary and non-monetary damages.

10        28.    Specifically, as a direct and proximate result of Defendants' conduct, Plaintiffs
11   and the Class have suffered economic damages including, but not limited to, the costs of
12   obtaining identity theft insurance, professional credit monitoring, cancelling and obtaining new
13   credit and debit cards, as well as fees for freezing and unfreezing bank and credit accounts.

14        29.    Plaintiffs and the Class have also suffered non-economic damages, including but
15   not limited to, loss of and invasion of privacy, loss of property, loss of money, loss of control of
16   their personal financial and other nonpublic information, fear and apprehension of fraud and loss
17   of money.  Plaintiffs and members of the Class are at an increased and imminent risk of falling
18   victim to identity theft crimes, fraud, and abuse, and must continue to bear the burden of years of
     constant credit surveillance and monitoring to prevent further losses.

19        30.    Furthermore, as a direct and proximate result of Defendants', and each of their,
20   failure to implement and maintain reasonable security procedures and practices to protect the PII
21   of Plaintiffs and members of the Class have suffered additional actual damages, as described
22   above.

23        31.    Accordingly, Plaintiffs and the Class seek declaratory, injunctive relief, and
24   restitution and compensatory damages, among other damages.  This includes, but is not limited
25   to: (i) Free credit monitoring from all three major commercial credit monitoring companies for
26   five years; (ii) Free identity theft insurance for five years; and, (iii) Prospective relief to ensure
27   that Defendants take every reasonable measure to make certain that policies and procedures are
28   implemented to adequately protect Plaintiffs' and the Class' personal information from

unauthorized access, destruction, use, modification or disclosure, and that any such breach is detected and reported to victims in a timely manner.

**D.     Defendants Have Been Unjustly Enriched**

32.     Sony benefited monetarily from failing to adequately safeguard its PSN users' personal identifiable information in two ways: First, by saving money in operating a cheaper security system (or, in failing to have *any* security system in place whatsoever), and second, by failing to disclose Sony's inadequate (or, nonexistent) policies, practices and procedures regarding protection of PSN users' personal identifiable information.

33.     Indeed, Plaintiffs are informed and believe and thereupon alleges that, in the rush to get out innovative new products, security of Plaintiffs and the Class' personal information was given low priority and took a back seat, as Sony failed to take the requisite care in its security protocols for the PSN when it developed the software that runs the network.

34.     Accordingly, this excessive revenue has been received by Defendants at the expense of Plaintiffs and other members of the Class, under circumstances in which it would be unjust for Defendants to be permitted to retain said benefits.

35.     Moreover, in this regard, Sony did not provide Plaintiffs or other members of the Class what they bargained for. The goods and services – the PlayStation console and the PSN service- are worth less than Plaintiffs and other members of the Class paid for it. Indeed, Plaintiffs and the Class paid a nominal amount of money in exchange for privacy violations and a disclosure of the personal identifiable information, including credit card information and security answers.

36.     Plaintiffs and other members of the Class are entitled to the establishment of a constructive trust consisting of the benefits conferred upon Defendants in the form of its excessive revenue derived from the sale of the PlayStation console and PSN services, from which Plaintiffs and other Class members may make claims on a pro rata basis for restitution.

## CLASS ALLEGATIONS

37.     Pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(2) and (b) (3), Plaintiffs bring this class action and seeks certification of the claims and certain issues in this action on behalf of all persons in the United States (and such others as the Court may determine to be appropriate) who have purchased the PlayStation console and PSN services for personal

use during the Class Period ("Class"), which is the period from April 28, 2007 to present.

38.     Defendant's practices and omissions were applied uniformly to all members of the Class such that the questions of law and fact detailed here are common to all members of the Class.

39.     The members of the Class are so numerous that joinder of all members individually would be impractical, if not impossible.

40.     Questions of law and fact common to the Class predominate over questions affecting only individual members, including:

a.  Whether the following information about Plaintiffs and each member of the Class' constitutes Personal Identifiable Information: name, address, telephone number, Social Security number, date of birth, gender, and hourly rate of pay;

b.  Whether, at all times relevant herein, Defendants failed to adequately implement any procedures and policies to protect and secure the personal identifiable information of Plaintiffs and the Class;

c.  Whether, at all times relevant herein, Defendants failed to adequately maintain any procedures and policies to protect and secure the personal identifiable information of Plaintiffs and the Class;

d.  Whether Defendants failed to notify Plaintiffs and the Class of the security breach in the most expedient time possible and without unreasonable delay;

e.  Whether Defendants' conduct violated <u>Civil Code</u> §§1798.80, *et seq.*;

f.  Whether Defendants concealed the breach from Plaintiffs and the Class;

g.  Whether Defendants' conduct violated Cal. Bus. & Prof. Code § 17500, et sq.;

h.  Whether Defendants' conduct as described herein was deceptive, unlawful or unfair in any respect, thereby violating California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.;

i.  Whether Defendants' conduct as described herein caused injury to Plaintiffs and the Class; and

j.  Whether Defendants' conduct violated the laws of the State of California.

41.     The claims asserted by Plaintiffs in this action are typical of the claims of the members of the Class, as the claims arise from the same common course of conduct by Defendant, and the relief sought is common.  All members of the Class were and are similarly affected by having purchased the PlayStation Console and PSN service, and the relief sought

herein is equally for the benefit of Plaintiffs and members of the Class as well as the general public.

42.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class in that they have no interests that are antagonistic to or that materially conflict with those of the other Class members. Plaintiffs have retained counsel competent and experienced in both consumer protection and class action litigation.

43.     Certification of this class action is appropriate because the questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members, making class litigation superior to any other method available for the fair and efficient group-wide adjudication of these claims. Absent a class action, it would be highly unlikely that Plaintiffs or any other members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed any expected individual recovery.

44.     Certification also is appropriate because Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate the equitable and injunctive relief sought on behalf of the Class as a whole, particularly when measured against the individual value of the Class members' claims. Further, given the large number of consumers of the PlayStation Console and PSN service, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

45.     A class action is therefore the most fair and appropriate method for the adjudication of the controversy, as it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

46.     The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be asserted with regard to the management of this class action.

## FIRST CAUSE OF ACTION
## FOR FAILURE TO PROTECT SECURITY OF PRIVATE INFORMATION
### (VIOLATION OF CALIFORNIA CIVIL CODE §§ 1798.80, *ET SEQ.*)
**(By Plaintiffs, the Class against All Defendants, Including Does 1-100, inclusive)**

47.    Plaintiffs repeat and re-allege the allegations set forth above, and incorporates the same as if set forth herein at length.

48.    Defendants, as corporations, are each a "business" within the meaning of Civil Code § 1798.80(a). Plaintiffs and each member of the Class (collectively, "the Class") is an "individual" within the meaning of Civil Code § 1798.80(c).

49.    Defendants, and each of them, at all times relevant herein, obtained and retained personal, identifying information ("PII") of the Plaintiffs and the Class.  This information includes, without limitation, the name, address, and date of birth of birth for each of Plaintiffs and the members of the Class, when the data elements were not encrypted. Defendants also obtained and retained Plaintiffs and the Class' PlayStation Network/Quiocity ("PSN") password and login, purchase history, billing address, PSN password security answers, sub-account information for dependants and/or credit card data. The information retained by Defendants, constitutes "personal information" within the meaning of both Civil Code § §1798.80(e) and 1798.5(d)(1).

50.    Defendants, at all times relevant herein, obtained and retained the PII of Plaintiffs and members of the Class for the purpose of using that information in transactions with Plaintiffs and the Class; therefore, each Defendant "owns or licenses" the PII of Plaintiffs and the Class within the meaning of Civil Code § 1798.81(5)(a).

51.    Defendants collected and maintained the PII of Plaintiffs and each member of the Class in an unencrypted format.

52.    Defendants, and each of them, failed to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiffs and the Class' PII that they retain and retained, to protect such information from unauthorized access, destruction, use, modification, removal or disclosure.

53.    Civil Code 1798.82(a) requires that Defendants, and each of them:

> shall disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person.

54.     In waiting nearly a week before notifying Plaintiffs and the Class, Defendants failed to notify Plaintiffs and the Class in the most expedient time possible and without unreasonable delay.

55.     Civil Code 1798.81.5(c) requires that Defendants, and each of them, adhere to the following when providing PII to third parties:

> A business that discloses personal information about a California resident pursuant to a contract with a nonaffiliated third party shall require by contract that the third party implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure.

56.     In disclosing the PII of Plaintiffs and the Class to third parties, Defendants were each required by law to enter into a contract with those third parties to ensure the third parties implement and maintain a data security system that adequately protected the PII of Plaintiffs and members of the Class. Plaintiffs are informed and believe and based thereupon alleges that Sony failed to enter into such a contract with third parties before turning over the PII of Plaintiffs and the Class in connection with the PSN, to the detriment of Plaintiffs and the Class.

57.     Defendants unreasonably delayed informing anyone about the breach of security of Plaintiffs' personal, financial and other nonpublic information after they knew it had occurred.

58.     On information and belief, the vast majority of the Class has not been directly informed that the breach of security of their personal, financial and other nonpublic information occurred.

59.     Defendants failed to disclose to Plaintiffs and the Class, in the most expedient time possible and without unreasonable delay, the breach in security of unencrypted personal financial and other nonpublic information of Plaintiff when it knew or reasonably believed such information had been acquired by an unauthorized person or persons.

60.     On information and belief, no law enforcement agency determined or instructed any defendant, herein, that notification of any plaintiff would impede a criminal investigation.

61.     As a direct and proximate result of Defendants' acts and omissions described data would not be disclosed to third parties. The disclosures created a reasonable expectation that users' data would be adequately maintained, and that the PSN functionality would be continuously available.

12

62.    Valid consideration existed, as Plaintiffs and Class members paid money to Defendants in exchange for Defendants' agreement to, among other things, maintain users' data and provide uninterrupted PSN service.

63.    Defendants breached their implied contracts because they did not properly maintain Plaintiffs and the Class members' electronic information or provide uninterrupted service.

64.    Plaintiffs and Class members suffered and will continue to suffer damages including, but not limited to, loss of their personal, private financial information and an interruption in service.

65.    As a direct and proximate result of Defendants' violations of Civil Code 1798.80, et seq., Plaintiffs and the Class have suffered injury in fact and loss of money or property and suffered economic and non-economic damages as described above in detail and prayed for below.

66.    As a result of Defendants', and each of their, conduct, Plaintiffs and the Class seek declaratory, injunctive relief, restitution and compensatory and damages. Plaintiffs and the Class seek the maximum statutory penalties.

**SECOND CAUSE OF ACTION:**
**NEGLIGENT MISREPRESENTATION**
**(By Plaintiffs and the Class as against all Defendants)**

67.    Plaintiffs repeat and re-allege all preceding paragraphs as if fully set forth herein verbatim.

68.    Defendants had a statutory duty to keep confidential Plaintiffs and the Class' personal identifiable information and to notify Plaintiffs and the Class of any data security breach promptly.

69.    Defendants breached their duty to protect Plaintiffs and the Class' personal data when they failed to implement and maintain an adequate security system for PSN users. Defendants failed to disclose their knowledge that the PlayStation consoles and PSN service contained inherent defects, including defective or nonexistent security systems. This duty was further breached when Defendants failed to promptly notify Plaintiffs and the Class of the breach, as described in detail above.

70.     Since at least 2007, Defendants have engaged in advertising and marketing and offered for sale to the public the PlayStation consoles and PSN service for sale throughout the United States, including California.

71.     Defendants engaged in said advertising and marketing with the intent to induce the purchase of the PlayStation console and PSN service.

72.     Defendants' advertising and marketing representations regarding technical and other characteristics of the PlayStation consoles and PSN service are false, misleading and deceptive as set forth in detail above.

73.     At the time Defendants made and disseminated the representations described above in detail, they knew or should have known that those representations were untrue, misleading and likely to deceive reasonable consumers. When Defendants made the representations and/or omissions described above, Defendants had no reasonable grounds for believing them to be true.

74.     Plaintiffs and other reasonable consumers, including the Class members, relied on Defendants' representations set forth herein, and, in reliance thereon, purchased the PlayStation Console and PSN service. The reliance by Plaintiffs and Class members was reasonable and justified in that Defendants appeared to be, and represented themselves to be, a reputable business, and it distributed and sold the PlayStation consoles and PSN services through reputable companies.

75.     Defendants' false and misleading statements and omissions actually and proximately caused Plaintiffs and the Class to have their PII compromised and stolen by third parties. Specifically, Defendants' misrepresentations and omissions caused Plaintiffs and the Class to have their privacy violated and identities exposed via the April 17-19, 2011 data breach.

76.     As a direct and proximate result of these misrepresentations and/or omissions, Plaintiffs and members of the Class were induced to purchase the PlayStation Console and PSN service and use it for its intended purpose, and have suffered actual damages to be determined at trial in that, among other things, they have been deprived of the benefit of their bargain in that they bought a product or service that was not what it was represented to be, and have spent money on a product that had less value than was reflected in the purchase price they paid for the PlayStation Console and PSN services. Moreover, Defendants' false and misleading statements

1  caused Plaintiffs and the Class to lose money or property (i.e. property interest in personal data),

2  as described in detail above.

3      77.    Accordingly, Plaintiffs seeks the remedies set forth below in the Prayer for Relief.

**THIRD CAUSE OF ACTION:**
**INTENTIONAL MISREPRESENTATION**
**(By Plaintiffs and the Class as against all Defendants)**

7      78.    Plaintiffs repeat and re-allege all preceding paragraphs as if fully set forth herein

8  verbatim.

9      79.    Since at least 2007, Defendants have engaged in advertising and marketing and

10  offered for sale to the public the PlayStation consoles and PSN service for sale throughout the

   United States, including California.

11      80.    Defendants engaged in said advertising and marketing with the intent to induce

12  the purchase of the PlayStation console and PSN service.

13      81.    Defendants' advertising and marketing representations regarding technical and

14  other characteristics of the PlayStation consoles and PSN service are false, misleading and

15  deceptive as set forth in detail above.

16      82.    At the time Defendants made and disseminated the representations described

17  above in detail, they knew or should have known that those representations were untrue,

18  misleading and likely to deceive reasonable consumers. Plaintiffs are informed and believe and

19  based thereon allege that when Defendants made the representations and/or omissions described

   above, Defendants knew them to be false.

20      83.    Plaintiffs are informed and believe and based thereon allege that Defendants made

21  the false and misleading representations with the intent to deceive Plaintiffs and members of the

22  Class.

23      84.    The breach of Defendants' security was the direct and proximate result of

24  Defendants' failure to implement and maintain security procedures and practices reasonably

25  designed to protect the credit card account and other nonpublic information of consumers,

26  including, without limitation, Plaintiffs and the Class. Said breach of security and unauthorized

27  access to the private nonpublic information of Plaintiffs and the Class herein was reasonably

28  foreseeable; therefore Defendants breached their duty to keep said information secure.

85.     Defendants were in a special and a fiduciary relationship with the Plaintiffs and the Class by reason of their entrustment with credit card account and other nonpublic information. By reason of said special and fiduciary relationship, Defendants had a duty of care to use reasonable means to keep the credit card account and other nonpublic information of the Plaintiffs and the Class that is in their possession private and secure, and to inform Plaintiffs and the Class members forthwith when any compromise of the security of such information occurred. Defendants have unlawfully breached these duties.

86.     Plaintiffs and other reasonable consumers, including the Class members, relied on Defendants' representations set forth herein, and, in reliance thereon, purchased the PlayStation Console and PSN service. The reliance by Plaintiffs and Class members was reasonable and justified in that Defendants appeared to be, and represented themselves to be, a reputable business, and it distributed and sold the PlayStation consoles and PSN services through reputable companies.

87.     Defendants' false and misleading statements and omissions actually and proximately caused Plaintiffs and the Class to have their PII compromised and stolen by third parties. Specifically, Defendants' misrepresentations and omissions caused Plaintiffs and the Class to have their privacy violated and identities exposed via the April 17-19, 2011 data breach.

88.     As a direct and proximate result of these misrepresentations and/or omissions, Plaintiffs and members of the Class were induced to purchase the PlayStation Console and PSN service and use it for its intended purpose, and have suffered actual damages to be determined at trial in that, among other things, they have been deprived of the benefit of their bargain in that they bought a PlayStation Console and PSN service that was not what it was represented to be, and have spent money on a PlayStation Console and PSN service that had less value than was reflected in the purchase price they paid for the PlayStation Console and PSN services. Moreover, Defendants' false and misleading statements caused Plaintiffs and the Class to lose money or property (i.e. property interest in personal data), as described in detail above.

89.     Accordingly, Plaintiffs and Class Members seek the remedies set forth below in the Prayer for Relief.

**FOURTH CAUSE OF ACTION:**
**VIOLATIONS OF BUS & PROF. CODE § 17200 *ET SEQ.***
**(By Plaintiffs and the Class as against all Defendants)**

90.     Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

91.     This cause of action is brought pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

92.     Defendants committed "unlawful" business acts or practices when they violated Cal. Bus. & Prof. Code 17500, *et seq.,* and Cal. Civil Code § 1798.80 *et seq.*, as described above.

93.     Defendants committed unfair and fraudulent business acts or practices by failing to adequately safeguard the PII of Plaintiffs and the Class and for failing to timely notify Plaintiffs and the Class of the Data Breach that occurred between April 17-19, 2011. The utility of Defendant's practices described above is negligible, if any, when weighed against the harm to Plaintiffs, members of the Class, and the general public.

94.     Defendants have engaged in unfair, unlawful and fraudulent business practices as set forth above.

95.     By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Bus. & Prof. Code §17200, et seq.

96.     Defendants' acts and practices have and/or are likely to deceive members of the consuming public.

97.     Defendant's acts and practices are unlawful because they violate Civ. Code §§1572, 1709, 1710, 1770(a)(5), 1770(a)(7) and 1770(a)(9). Defendant's acts and practices are also unlawful because they violate Bus. & Prof. Code §17500, et seq. Defendants unlawful and unfair business practices include, without limitation, defendants', and each of their, unlawful negligence and violations of California Const., Art. I, Section I; Civil Code §§ 1798.81, 1798.81.5 and 1798.82; Finance Code §§ 4052.5 and 4057, the California Credit Reporting Act, the prohibition against unreasonable penalties contained in Civil Code § 1671, and other laws of the State of California.

98.     The breach of Defendants' security was the direct and proximate result of Defendants' failure to implement and maintain security procedures and practices reasonably

designed to protect the credit card account and other nonpublic information of consumers, including, without limitation, Plaintiffs and the Class. Said breach of security and unauthorized access to the private nonpublic information of Plaintiffs and the Class herein was reasonably foreseeable; therefore Defendants breached their duty to keep said information secure.

99.     Defendants were in a special and a fiduciary relationship with the Plaintiffs and the Class by reason of their entrustment with credit card account and other nonpublic information. By reason of said special and fiduciary relationship, Defendants had a duty of care to use reasonable means to keep the credit card account and other nonpublic information of the Plaintiffs and the Class that is in their possession private and secure, and to inform Plaintiffs and the Class members forthwith when any compromise of the security of such information occurred. Defendants have unlawfully breached these duties.

100.     Pursuant to, *inter alia*, the right to privacy insured by California Const., Art. I, Section I, Defendants had a duty to use reasonable care to prevent the unauthorized access, use or dissemination of the credit card account and other nonpublic information of the Plaintiffs and the Class herein; however, Defendants unlawfully breached said duty.

101.     Pursuant to California Civil Code § 1798.81.5, Defendants had a duty to implement and maintain reasonable security procedures and practices with respect to the credit card account and other nonpublic information of consumers, including, without limitation, the Plaintiffs and the Class herein, in order to protect such information from unauthorized access, use or disclosure; however, Defendants breached that duty.

102.     Defendants actively concealed their knowledge that the PlayStation consoles and PSN service contained inherent defects, including defective or nonexistent security systems. Pursuant to California Civil Code § 1798.82, defendant had, and continues to have, a duty to timely disclose the breach of security to Plaintiffs and the Class whose personal information was, or is reasonably believed to have been, acquired by unauthorized persons. Defendants unlawfully breached this duty by, amongst other ways, delay and failure to properly disclose.

103.     Pursuant to the California Financial Information Privacy Act, California Finance Code §§ 4050 et seq., Defendants breached unlawfully the requirement to prevent the unauthorized disclosure of nonpublic personal information of the Plaintiffs and the Class to unaffiliated third parties. Fin. C. § 4052.5. Defendants also unlawfully breached their duty to

refrain from negligently disclosing nonpublic information pertaining to the Plaintiff and the Class to third parties. Fin. C. § 4057.

104.    Pursuant to the California Constitutional Right to Privacy and California law there is an explicit public policy, creating an affirmative and continuing obligation on defendants herein, to respect consumers' privacy and to provide reasonable consumer computer data security under the circumstances, including, without limitation, the Plaintiffs and the Class herein, and to protect the security and confidentiality of their nonpublic personal information. Such duties include, without limitation, the duty to ensure security, protect against anticipated threats, and protect against unauthorized access. Defendants, on information and belief, breached said duties.

105.    Defendants' acts and practices are also unlawful because they violate the Song-Beverly Act, Civ. Code §1790, et seq.

106.    The harmful impact upon members of the general public and the Class who purchased and used the PlayStation console and PSN service outweighs any reasons or justifications by Defendants for its conduct, as described above, considering the reasonably available alternatives. Preventing such conduct or redressing it is tied to a legislatively declared policy of not permitting the mislabeling or advertising of PlayStation Console and PSN services, as set forth in the various laws detailed below.

107.    The use of such unlawful, fraudulent and unfair business acts and practices was and is under the sole control of Defendant, and was deceptively concealed from the public by Defendants.

108.    As a purchaser and consumer of Defendants' goods and services who suffered injury in fact and a loss of money or property (including property interest in personal information) as a result of Defendants' acts of unfair competition from purchasing the goods and services at the prices, that Plaintiffs did, as detailed above, Plaintiffs have standing to assert the claims made herein on behalf of the Class and seek all available remedies under the UCL.

109.    Defendants' sales and marketing practices thus constitute unfair, deceptive, fraudulent and/or unlawful business practices within the meaning of California Bus. & Prof. Code § 17200 et seq.

19

110.   Pursuant to California Bus. & Prof. Code § 17203, Plaintiffs, on behalf of themselves and all others similarly situated for the benefit of the public, seeks an order of this Court:

     a.    Enjoining Defendants from continuing to engage, use, or employ business acts or practices found by this Court to be unfair, deceptive and/or unlawful, related to the marketing, advertising, labeling and operation of the goods and services for the sole purpose of selling its goods and services in such manner as set forth in detail above; and

     b.    Restoring all monies that may have been acquired by Defendants as a result of such unfair, deceptive and/or unlawful business acts or practices.

111.   Plaintiffs and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

112.   As a result of Defendants' violations of the UCL, Plaintiffs and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

113.   Pursuant to California Civil Code § 3287(a), Plaintiffs and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendants' wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiffs and Members of the Class are entitled to interest in an amount according to proof.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF BUS. & PROF. CODE § 17500 (FAL)
### (By Plaintiffs and the Class as against all Defendants)

114.   Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

115.   Plaintiffs bring this cause of action on behalf of themselves, on behalf of the Class, and on behalf of the common or general interest. Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendants' violations of Bus. & Prof. Code §17500, et seq.

116.   Beginning in or before 2006, Defendants engaged in advertising and marketing to the public and offered the PlayStation consoles and PSN service for sale throughout the United States, including California, and the world.

117. Defendants have engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the purchase of the PlayStation consoles and PSN service.

118. Defendants' advertisements and marketing representations regarding the technical and other characteristics of the PlayStation consoles and PSN service are false, misleading and deceptive as set forth more fully above.

119. At the time Defendants made and disseminated the statements alleged herein, it knew or should have known that the statements were untrue or misleading, and acted in violation of Bus. & Prof. Code §17500, *et seq.*

120. Defendants actively concealed its knowledge that the PlayStation consoles and PSN service contained inherent defects.

121. Plaintiffs have been harmed. Plaintiffs, on behalf of themselves, on behalf of the Class and on behalf of the common or general interest, seeks restitution, disgorgement, injunctive relief and all other relief allowable under §17500, *et seq.*

122. Plaintiffs and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

123. As a result of Defendants' violations of the FAL, Plaintiffs and the Class are entitled to restitution and disgorgement for out-of-pocket expenses and economic harm.

124. Pursuant to California Civil Code § 3287(a), Plaintiffs and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendants' wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiffs and Members of the Class are entitled to interest in an amount according to proof.

### SIXTH CAUSE OF ACTION
### BREACH OF BEVERLY SONG ACT
#### (By Plaintiffs and the Class as against all Defendants)

125. Plaintiffs re-allege and incorporate the above allegations by reference as if set forth fully herein.

126. Plaintiffs assert this Cause of Action individually, on behalf of the Class and on behalf of the common or general interest for breach of implied warranty under the Song-Beverly Act, Civ. Code §1790, *et seq.*

21

127.    The PlayStation consoles are "consumer goods" within the meaning of Civ. Code §1791(a).

128.    Defendants' implied warranty of merchantability arose out of and/or was related to the sales of the PlayStation consoles and PSN service.

129.    As set forth more fully above, Defendants have failed to comply with its obligations under its implied warranty of merchantability.

130.    Plaintiffs and the Class have suffered and will continue to suffer damages as a result of Defendants' failure to comply with its warranty obligations. Accordingly, Plaintiffs and the Class are entitled to recover such damages under the Song-Beverly Act, including damages pursuant to Civ. Code §§1791.1(d) and 1974.

131.    Defendants' breaches of warranty, as set forth above, were willful. Accordingly, a civil penalty should be imposed upon Defendants in an amount not to exceed twice the amount of actual damages.

### SEVENTH CAUSE OF ACTION
### BREACH OF EXPRESS CONTRACT
**(By Plaintiffs and the Class as against all Defendants)**

132.    Plaintiffs re-allege and incorporate the above allegations by reference as if set forth fully herein.

133.    Defendants agreed to, among other things, properly maintain Plaintiffs' and Class members' data and provide uninterrupted PSN service. In exchange, Class members agreed to purchase PlayStation consoles and PSN service.

134.    Valid consideration existed, as Plaintiffs and Class members paid money in exchange for Defendant's agreement to, among other things, maintain Plaintiffs' and Class members' data and provide uninterrupted service.

135.    The parties' agreement is contained in customer contracts and related documents.

136.    Defendants breached its contracts because Defendants did not properly maintain Plaintiffs' and Class members' electronic information or provide uninterrupted service.

137.    Class members suffered and will continue to suffer damages including, but not limited to, loss of their electronic information and an interruption in service.

### EIGHTH CAUSE OF ACTION
### BREACH OF IMPLIED CONTRACT
**(By Plaintiffs and the Class as against all Defendants)**

22

138.    Plaintiffs re-allege and incorporates the above allegations by reference as if set forth fully herein.

139.    Defendants agreed to, among other things, properly maintain Plaintiffs' and Class members' data and provide uninterrupted PSN service. In exchange, Plaintiffs and the Class members agreed to purchase PlayStation consoles and PSN service.

140.    Defendants entered into implied contracts with Plaintiffs and the Class members. Implied contracts arose from the course of conduct between the parties, as well as disclosures on Defendants' websites, in advertising materials, on product packaging, and/or in customer contracts. For example, Defendants disclosed on numerous occasions as alleged herein that users' data would not be disclosed to third parties. The disclosures created a reasonable expectation that users' data would be adequately and securely maintained, and that the PSN functionality would be continuously available.

141.    Valid consideration existed, as Plaintiffs and Class members paid money to Defendants in exchange for Defendants' agreement to, among other things, maintain users' data and provide uninterrupted PSN service.

142.    Defendants breached their implied contracts because they did not properly maintain Plaintiffs and the Class members' electronic information or provide uninterrupted service.

143.    Plaintiffs and Class members suffered and will continue to suffer damages including, but not limited to, loss of their personal, private financial information and an interruption in service.

## NINTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY
### (By Plaintiffs and the Class as against all Defendants)

144.    Plaintiffs re-allege and incorporate the above allegations by reference as if set forth fully herein.

145.    Being entrusted with the confidential and private information of the Plaintiffs and the Class and having represented the confidential information would be kept secure, Defendants owed to Plaintiffs and the Class a fiduciary duties to act with utmost honesty, loyalty, and care towards them in the protection of their confidential and private information.

23

146.     Defendants breached the above-described fiduciary duties by failing to provide adequate security for the Plaintiffs' and Class' private and confidential information so that the private and confidential information was compromised and stolen so that it was disclosed to third parties without authorization.

147.     As a proximate result of the breach of fiduciary duties by said defendants, Plaintiffs and the Class members suffered and will continue to suffer damages including, but not limited to, loss of their personal, private financial information and an interruption of service as set forth in the Prayer for Relief.

## TENTH CAUSE OF ACTION

## CONSTRUCTIVE FRAUD

### By Plaintiffs and the Class as against all Defendants

148.     Plaintiffs re-allege and incorporate the above allegations by reference as if set forth fully herein.

149.     As part of Defendants agreement for services with Plaintiffs and the Class members, Defendants were entrusted with private and confidential information of Plaintiffs and Class Members.  Defendants agreed to and had a fiduciary duty to keep such private and confidential information secure and keep it from being disclosed to third parties.

150.     Defendants breached this fiduciary duty, as alleged above, by not keeping the confidential information of Plaintiffs and Class members secure so that it was compromised and accessed by third parties without Plaintiffs' or Class Members' consent or knowledge.  Further, as alleged previously, Defendants unreasonably delayed advising the Plaintiffs and Class Members that their private and confidential information had been compromised and accessed by third parties.

151.     The conduct of Defendants in breaching their fiduciary duties to Plaintiffs and Class Members constitutes constructive fraud because of the confidential relationship between Defendants and Plaintiffs and Class Members regarding the part of their agreement that dealt with the security of private and confidential information that induced the Plaintiffs and Class Members to entrust such private and confidential information to Defendants.

152.     As a proximate result of the constructive fraud by said defendants, Plaintiffs and the Class members suffered and will continue to suffer damages including, but not limited to,

loss of their personal, private financial information and an interruption of service as set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, pray for relief pursuant to each cause of action set forth in this Complaint as follows:

1.     For an order certifying that the action may be maintained as a class action, certifying Plaintiffs as representatives of the Class, and designating their counsel as counsel for the Class;

2.     For an award of equitable relief as follows:

     (a)     Enjoining Defendants from making any claims for the goods and services found to violate California law as set forth above;

     (b)     Requiring Defendants to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint;

     (c)     Requiring Defendants to disgorge all ill-gotten gains flowing from the conduct described in this Complaint; and

     (d)     Requiring Defendants to immediately cease its wrongful conduct as set forth above; enjoining Defendants from continuing to falsely market and advertise, conceal material information and conduct business via the unlawful and unfair business acts and practices complained of herein; ordering Defendants to engage in a corrective notice campaign; and requiring Defendants to refund to Plaintiffs and all members of the Class the funds paid to Defendants for the defective PlayStations and PSN services; ordering Defendants to pay for credit card monitoring for Plaintiffs and all members of the Class.

3.     For an award of attorney's fees pursuant to, inter alia, Code of Civil Procedure §1021.5.

4.     For an award of statutory damages;

5.     For an award of punitive damages;

6.     For an award of statutory damages to be determined at trial;

7.     For an award of costs and any other award the Court might deem appropriate;

8.     For pre- and post-judgment interest on any amounts awarded.

//
//
//

DATED: May 6, 2011                    Respectfully submitted,

Richard A. Proaps, Esq. (Cal SBN: 78898)
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN**
Howard W. Rubinstein, Esq.
Fla. SBN: 104108
howard@apdq.net
PO Box 4869
Aspen, CO 81112
Telephone: (832) 715-2788
(561) 688-0630

**MILSTEIN ADELMAN, LLP**
Gillian L. Wade, State Bar No. 229126
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635

**Attorneys for Plaintiffs Jasmani**
**Riveron and Krista Riveron**

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

DATED: May 6, 2011                    Respectfully submitted,

Richard A. Proaps, Esq. (Cal SBN: 78898)
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN**
Howard W. Rubinstein, Esq.
Fla. SBN: 104108
howard@apdq.net
PO Box 4869
Aspen, CO 81112
(832) 715-2788
(561) 688-0630

26

**MILSTEIN ADELMAN, LLP**
Gillian L. Wade, State Bar No. 229126
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

**Attorneys for Plaintiffs Jasmani
Riveron and Krista Riveron**

**EXHIBIT 1**



**Transaction Details**
Prepared for
KRISTA RIVERON
Account Number
XXXX-XXXXXX-43000

Costco TrueEarnings Card / March 28, 2009 to December 31, 2009
Search results for "play"

| Date | Description | Cardmember | Amount $ |
|---|---|---|---|
| 06/14/2009 Sun | PLAYSTATION NETWORK 877-971-7689 | JASMANI RIVERON | 9.99 |
| 08/24/2009 Mon | PLAYSTATION NETWORK 877-971-7689 | JASMANI RIVERON | 9.99 |

**SUMMARY**

| | |
|---|---|
| Payments | 0.00 |
| Charges | 19.98 |
| Credits | 0.00 |
| Total | 19.98 |

Page 1 of 1

 **Transaction Details**
Prepared for
**KRISTA RIVERON**
Account Number
XXXX-XXXXXX-43000

Costco TrueEarnings Card / January 1, 2010 to December 31, 2010
Search results for "play"

| Date | Description | Cardmember | Amount $ |
|------|-------------|------------|----------|
| 06/08/2010 Tue | PLAYSTATION NETWORK 877-971-7669 | JASMANI RIVERON | 14.99 |
| 07/06/2010 Tue | PLAYSTATION NETWORK 877-971-7669 | JASMANI RIVERON | 14.99 |

**SUMMARY**
| | |
|---|---|
| Payments | 0.00 |
| Charges | 29.98 |
| Credits | 0.00 |
| Total | 29.98 |



**Transaction Details**
Prepared for
KRISTA RIVERON
Account Number
XXXX-XXXXXX-43000

Costco TrueEarnings Card / January 1, 2011 to April 28, 2011
Search results for "play"

| Date | Description | | Cardmember | Amount $ |
|---|---|---|---|---|
| 03/03/2011  Thu | PLAYSTATION NETWORK 877-971-7669 | CA | JASMANI RIVERON | 14.99 |

**SUMMARY**

| | |
|---|---|
| Payments | 0.00 |
| Charges | 14.99 |
| Credits | 0.00 |
| Total | 14.99 |